UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SONNY FORBES                  )
                              )
v.                            )    NO. 2:05-CV-28
                              )
BROADSPIRE SERVICES, INC.     )

REPORT AND RECOMMENDATION

This matter, for a second time, has been referred to the Magistrate Judge for a report and recommendation. In the first referral, Senior District Judge Hull referred the matter to the Magistrate Judge for a report and recommendation "[o]n the issue of whether the defendant has perpetrated a fraud on the Court by arguing that [plaintiff's] claim for long-term disability benefits has already been adjudicated . . . ."[1] After considering the pleadings and all court filings with respect to this issue, the Magistrate Judge issued a Report and Recommendation that held that defendant herein (i.e., Broadspire Services, Inc.) was obligated to divulge to this Court in the instant suit the settlement agreement executed by the parties in plaintiff's first suit, but did not do so. Therefore, it was recommended to Senior District Judge Hull that his order which dismissed plaintiff's suit on the basis of *res judicata* should be set aside.[2]

Senior District Judge Hull subsequently entered an order that accepted that Report and Recommendation, and referred the matter again to the Magistrate Judge for

---

[1]See, Order, Doc. 33.

[2]See, Report and Recommendation, Doc. 34.

another report and recommendation with regard to "whether it was the parties' collective intent [in the first suit] to settle all claims Mr. Forbes may have had at that time, including long-term and short-term disability benefits . . . ."[3]

A hearing was held before the Magistrate Judge on May 2, 2006, on the issue framed by Judge Hull's order.

Without a doubt, some "stitches were dropped" with respect to the settlement of the first suit, but there is absolutely no indication there ever was an intent to cheat or defraud the plaintiff. The Plan Administrator in the first suit was Kemper National Services, the predecessor-in-interest to Broadspire Services, Inc. Although Kemper National Services itself did not sign the settlement agreement in the first suit, at the very least it was in privity with Air Products, which undeniably did execute the settlement agreement. As noted in the prior Report and Recommendation, that settlement agreement explicitly provided that the release "shall not apply to any claim Mr. Forbes may have for long term disability insurance benefits against the applicable long term disability insurer . . . ." Thus, there was *no* intent by any party that Mr. Forbes' settlement of the prior suit for short-term disability benefits would preclude a subsequent claim for long-term disability benefits.

This is not to say, however, that the settlement of the first suit has no impact on this pending suit. To be entitled to long-term disability benefits, Mr. Forbes must

---

[3]See, Order, Doc. 36.

2

establish that he was continuously disabled for six months. Defendant herein argues that he cannot now establish that prerequisite six-month continuous disability period, and never will be able to do so because that earlier suit has been dismissed with prejudice, as a result of which the plaintiff cannot re-litigate the extent of his short-term disability benefits. This issue, of course, is not before the Magistrate Judge and obviously is not addressed herein. However, the District Judge is advised that this specific issue already has been fully briefed by the parties, and the attorneys advise that no further briefs will be filed unless the District Judge directs them to file additional briefs. In other words, so far as the parties are concerned, this matter is now ripe for disposition on the basis of the current record.

In conclusion, the Magistrate Judge respectfully reports to the District Judge that it was not the parties' intent in the first suit (No. 2:03-CV-165) that plaintiff's claim for long-term disability benefits be precluded by the settlement of that first suit. Whether the settlement of that first suit nevertheless *effectively* bars plaintiff's current suit for long-term disability benefits because it precludes him from establishing the pre-requisite six-month period of continuous disability remains a viable issue.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). If a party files objections to this report and recommendation, the

attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery or facsimile transmission. The opposing counsel shall file his/her response to the objections within five business days of the date the objections are filed.

Respectfully submitted,

s/ Dennis H. Inman<br>United States Magistrate Judge

4