UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


SONNY FORBES                    )
                                )
v.                              )          NO. 2:05-CV-28
                                )
BROADSPIRE SERVICES, INC.       )


MEMORANDUM OPINION

This is an action for long-term disability benefits under the Employee

Retirement Income Security Act of 1974 [ERISA], 29 U.S.C. § 1001 *et seq*.,

brought by Sonny Forbes, a former employee of Air Products, Inc., against

Broadspire Services, Inc. [Broadspire], which has been identified as the plan

administrator.  On January 30, 2006, this Court  granted Broadspire's motion to

dismiss the case for failure to state a claim under Rule 12(b)(6) of the *Federal

Rules of Civil Procedure* and found the parties' cross-motions for summary

judgment, therefore, to be MOOT.  [Doc. 27].[1]  This Court found that Mr. Forbes'

2005 ERISA complaint sought to relitigate the same matters in controversy as his

2003 ERISA complaint[2], a complaint which was dismissed in July 2004.  The 2003

_____

[1] Until his retirement on April 28, 2006, this case was assigned to The Honorable Thomas
Gray Hull, Senior U. S. District Judge.

[2] The case number for this case was 2:03-CV-165.

complaint dealt with whether Mr. Forbes was entitled to both short- and long-term

disability from the defendant's predecessor. The July 2004 dismissal found that

"all matters in controversy as among them [Mr. Forbes and the defendants] have

been compromised and settled and that the action of the Plaintiff, Sonny A. Forbes,

should be dismissed with full prejudice." [Doc. 28 of 2:03-CV-165].[3]

On February 20, 2006, Mr. Forbes filed a motion for relief from judgment

pursuant to Rule 60 of the Federal Rules of Civil Procedure. [Doc. 28]. According

to Mr. Forbes, Broadspire "mistakenly or inadvertently misrepresented to this

Court [in the 2005 case] that the plaintiff's claim for long-term disability has

already been adjudicated" by the 2003 case.[4] This Court denied that motion,

finding that Mr. Forbes' true complaint should be with this Court's July 2004 order

which stated that all matters in controversy between the two parties were settled. If

---

[3] The Court's order of dismissal was entered after the filing, on July 1, 2004, of a "Stipulated Order of Dismissal", signed by all attorneys, which provided: "comes the plaintiff . . . and the defendants . . . and stipulate that all matters in controversy . . . have been compromised and settled and that the action of the plaintiff . . . should be dismissed with full prejudice." No reference was made to the exclusion of Mr. Forbes' long-term disability claim as referenced in the settlement agreement quoted below.

[4] Although not filed with the Court at the time, the settlement agreement in the 2003 case was later filed with the Court and was quoted in Mr. Forbes' Rule 60 motion. The settlement agreement provided, in part, as follows: "It is expressly understood by and among the parties hereto that the foregoing release shall not apply to any claim Mr. Forbes may have for long term disability benefits against the applicable long term disability insurer with which he has a currently pending claim for benefits." The settlement agreement was signed by Mr. Forbes and his attorney (a prior attorney, not the attorney representing him in the present case) on May 25, 2004.

the order–approved by the plaintiff and the defendant–was incorrect by not mentioning the long-term disability exception, the mistake should have been addressed back in July 2004.

On March 20, 2006, this Court *sua sponte* set aside its order denying Mr. Forbes' motion for relief from judgment and reopened the case. [Doc. 33]. This Court then referred the case to Magistrate Judge Dennis H. Inman for a Report and Recommendation [R&R] on the question of whether the defendant had perpetrated a fraud on the court when it argued that Mr. Forbes' claim for long-term disability benefits had already been adjudicated. On March 29, 2006, Judge Inman recommended that this Court hear such evidence and argument as necessary to determine if Mr. Forbes' prior suit was for both long- and short-term disability benefits and whether it was the parties' collective intent to settle all claims Mr. Forbes may have had at that time. [Doc. 34]. On April 12, 2006, this Court adopted Judge Inman's R&R and then referred the case to him for a second R&R concerning the above-identified issues. [Doc. 36].

On June 8, 2006, this Court adopted the May 2, 2006, R&R of Judge Inman. [Docs. 41, 42]. In that adopted R&R, Judge Inman indicated it was not the intent of the parties in the first suit brought by Mr. Forbes that his claim for long-term disability benefits be precluded by the settlement of that suit. Judge Inman also

noted that "Whether the settlement of that first suit nevertheless *effectively* bars plaintiff's current suit for long-term disability benefits because it precludes him from establishing the pre-requisite six-month period of continuous disability remains a viable issue." This Court indicated it would "address the viable issue identified by Judge Inman in a separate memorandum opinion" and will now do so.

Broadspire argues that the 2003 dismissal with prejudice of Mr. Forbes' complaint seeking both long- and sort-term disability benefits precludes him from being able to prevail in his 2005 case for long-term disability benefits. Broadspire also claims that because Mr. Forbes' short-term disability denial was never overturned, he cannot now establish that he satisfied the Benefit Qualifying Period [BQP], meaning that he must first establish that he met the short-term disability plan's definition of disability. And, Broadspire further argues, because he cannot establish the BQP, he cannot establish his right to long-term disability benefits.

Pursuant to the long-term disability plan, Mr. Forbes had to first satisfy the applicable BQP by showing six months of continuous disability. [Long-term Disability Administrative Record 463, 469] [hereinafter LTDAR]. Only after that six month period expired would long-term disability benefits accrue. [LTDAR 469]. As mentioned above, Mr. Forbes' 2003 case in front of this Court concerned whether he was entitled to both short- and long-term disability from the

defendant's predecessor. Broadspire's predecessor found in February 2002 and April 2003 that Mr. Forbes had not satisfied the applicable BQP. [Short-term Disability Administrative Record 107-08, 389-90]. The Settlement Agreement entered into by the parties in mid 2004 stipulated that the defendants would pay Mr. Forbes and his attorneys a sum of money "[i]n full consideration of Mr. Forbes' execution of this Agreement, and his agreement to be legally bound by all of its terms." [Doc. 44]. One of the terms was that Mr Forbes remised, released, and forever discharged the defendants and it successors "from any and all manner of actions and causes of action, suits, debts, claims and demands whatsoever, in law or in equity, known or unknown, which Mr. Forbes ever had, now has, or hereafter may have . . . ." [*Id.*]. When this Court dismissed the case in July 2004 following notification of the settlement, it dismissed all matters in controversy between the parties with full prejudice. As indicated above, however, the dismissal was not intended by the parties to affect Mr. Forbes' claim for long-term disability.

"A voluntary dismissal with prejudice operates as a final adjudication on the merits and has a res judicata effect." *Warfield v. Alliedsignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001), citing *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991). Because the question of whether Mr. Forbes met the BQP was a part of the 2003 suit that was dismissed with prejudice,

that particular issue has already been adjudicated on the merits and cannot be relitigated. And, because this Court cannot revisit the issue of whether Mr. Forbes met the requirements for the BQP, it cannot then consider whether he met the requirements for long-term disability as the former is a prerequisite of the latter. Likewise, the Court's order of dismissal, stipulated to by the parties, dismissed all matters in controversy between the parties. Mr. Forbes' claim for both long-term and short-term disability were clearly "in controversy" after the filing of the 2003 complaint. Thus, this claim may not now be relitigated.

Although not necessary to the resolution of this matter in view of this Court's holding that plaintiff's claim for long-term disability benefits cannot be relitigated, this Court will, however, consider his claim on the merits. This Court's review of the record leads to the conclusion that the claim would still fail. This Court notes that the policy language gives Broadspire, the plan administrator, discretionary authority to determine eligibility for benefits and to interpret the terms and provisions of the policy. [LTDAR 476]. Accordingly, the facts of this case will be reviewed on an abuse of discretion standard.[5] In order to prevail under this standard, Mr. Forbes must prove not only that the company's benefit

---

[5] Mr. Forbes argues that the denial of benefits should be reviewed by this Court *de novo,* arguing that the plan does not expressly grant discretionary authority to the plan administrator. A review of the Air Products LTD Plan reveals that it clearly vests the claim administrator with complete discretion to determine a plan participant's *eligibility* for benefits.

determination was incorrect but that its decision was arbitrary and capricious.

*Univ. Hospitals of Cleveland v. South Lorain Merchants Assoc. Health and Welfare Benefit Plan and Trust*, 441 F.3d 430, 433 (6th Cir. 2006).

Under Broadspire's long-term disability policy, disability is defined as:

A significant change in your physical or mental condition due to:

1. Accidental injury;
2. Sickness;
3. Mental illness; or
4. Pregnancy

began on or after your Coverage Effective Date and prevents you from performing, during the Benefit Qualifying Period and the following 24 months, the Essential Functions of your Regular Occupation or of a Reasonable Employment Option offered to you by the Employer.
[LTDAR 464].

Mr. Forbes applied for the plan's long-term disability benefits in November 2003. [LTDAR 60-65]. In January 2004, Broadspire denied Mr. Forbes' application for long-term disability benefits because he was not disabled as disability is defined by the definition above. [LTDAR 441-44]. In August 2004, Mr. Forbes appealed Broadspire's decision claiming he suffered from:

[M]igraine headaches, facial neuralgia, facial dyskinesia, mood disorder, small vessel ischemia disease, hiatal hernia, recurrent sinusitis and ear infections, facial numbness, decreased attention span, cognitive dysfunction, decreased concentration, memory disturbance, diabetes mellitus, previous lacunar infarction, neuropathy, sleep apnea, osteoarthritis, a herniated disc to his L5-S1, lumbar

degenerative disc disease, pain from the removal of a meniscus tear, shoulder impingement, upper respiratory infections, and skin disorders. [LTDAR 1071].

Following a review of Mr. Forbes' medical records and documentation by five independent peer review examiners, Broadspire denied Mr. Forbes' appeal of his denial of long-term disability benefits. [LTDAR 643-45]. The denial letter indicated Mr. Forbes' documentation lacked sufficient objective medical evidence, such as "abnormal physical, diagnostic, laboratory and/or radiological examination findings, documentation of neurological deficits, formal mental status evaluation, [and] clinical evidence of significant impairments related to conditions" to meet the definition of disability. [LTDAR 645].

Mr. Forbes argues Broadspire's decision that he was not disabled was in error because the medical evidence his physicians provided to Broadspire demonstrated his disability and his inability to return to his occupation or any other occupation. He scarcely mentions the many physicians who reviewed his medical records for Broadspire. Instead, Mr. Forbes focuses on the findings of his own treating physician, Dr. Daniel Carroll. Dr. Carroll, a family practice physician, had been seeing Mr. Forbes on a regular basis since 1993. [LTDAR 1079]. Dr. Carroll treated him for such conditions as migraines, facial neuralgia, facial dyskinesia, stroke, mood disorder, insulin-dependent diabetes, sinus infections, memory

impairment, neuropathy, sleep apnea, osteoarthritis, a herniated disc to his L5-S1, and knee surgery. [LTDAR 1080]. Dr. Carroll was "in total disagreement" about Broadspire's denial of benefits to Mr. Forbes. [LTDAR 1081]. In his opinion, Mr. Forbes should have been approved for disability based upon the mental and physical deterioration he has undergone during the 11 years the doctor has been treating him. [*Id*.]. Dr. Carroll did not believe Mr. Forbes could work an eight-hour workday and found he was incapable of performing any kind of gainful employment. [LTDAR 1091-92, 1101]. The doctor's basis for that opinion was Mr. Forbes' diabetes, neuropathy, memory impairment, concentration problems, previous lacunar infarction, recurrent shoulder pain, and back pain. [LTDAR 1104-05].

Mr. Forbes argues in his memorandum for summary judgment that based on the medical documentation he provided (primarily from Dr. Carroll), he was entitled to long-term disability benefits. [Doc. 23, p. 20]. However, as the United States Supreme Court ruled in *The Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 828 (2003), the treating physician rule–most notably seen in Social Security disability cases–does not apply in ERISA cases. In Social Security disability cases, more weight is generally given to the opinions of a claimant's

treating physician and "good reasons" must always be provided for the weight given those opinions.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  In ERISA cases, by contrast, "courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician."  *Nord*, 538 U.S. at 834.

Mr. Forbes is asking this Court to consider his case using an improper standard.  To make a decision concerning Mr. Forbes' entitlement to long-term disability benefits, this Court needs to consider equally all the medical evidence before it.  And, that medical evidence includes not only the reports and opinions of Dr. Carroll but also the reports and opinions of five physicians who reviewed his medical records during the long-term disability claims process.  Included in the medical records reviewed by the five physicians were the reports of 12 peer reviews conducted for Broadspire during the review of Mr. Forbes' short-term disability claim.

Dr. Elana Mendelssohn, a neuropsychologist, was one of the five long-term disability denial reviewers.  In her opinion, the medical evidence did not support a functional impairment or a claim that cognitive difficulties deemed Mr. Forbes unable to perform his own occupation.  [LTDAR 1023].  Another reviewer, Dr.

Henry Spira, a neurologist, found Mr. Forbes provided "no evidence of disease that would preclude [him] from working at the occupation described." [LTDAR 1027]. Internal medicine reviewer Dr. Tamara Bowman concluded that "from an internal medicine standpoint, there are insufficient objective clinical findings documented to support a level of functional impairment that would render [Mr. Forbes] unable to perform his own occupation." [LTDAR 1031]. Another reviewer, Dr. Neil Schechter, a orthopedist, found that Mr. Forbes' "subjective complaints from over a couple of years ago" regarding pain in his neck, left arm, shoulder, and elbow did not support a functional impairment. [LTDAR 1035]. Finally, ear, nose, and throat [ENT] specialist Dr. Walter Fingerer concluded that none of Mr. Forbes' ENT-related ailments supported a functional impairment. [LTDAR 1040].

Based on a review of all of the medical evidence related to this case, this Court finds that Broadspire's determination that Mr. Forbes was not entitled to long-term disability was not arbitrary and capricious. All five peer reviewers reached the conclusion that Mr. Forbes was still able to work. The opinion of Dr. Carroll, the sole physician who found Mr. Forbes could not work, is not entitled to any more deference than the Broadspire peer reviewers.

After careful consideration of the entire record of proceedings related to this

case, Mr. Forbes' motion for summary judgment [Doc. 22] will be denied, the defendant's motion for summary judgment [Doc. 18] will be granted, and this action will be dismissed.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
